UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTINA WILLIAMS,

Plaintiff,

v.

SHIRROD K. KELSEY,

Defendant.

**MEMORANDUM AND ORDER**

25-CV-01968 (LDH) (TAM)

LASHANN DEARCY HALL, United States District Judge:

Christina Williams ("Plaintiff"), proceeding *pro se*, commenced this action against Shirrod K. Kelsey ("Defendant"), proceeding *pro se*, alleging defamation (libel and slander); public disclosure of private facts; invasion of privacy; violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); conversion; intentional infliction of emotional distress; and tortious interference with employment. Plaintiff moves for default judgment against Defendant for all claims.

**BACKGROUND**

The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to Plaintiff's reconsideration motion.[1] On April 9, 2025, Plaintiff brought this action against Defendant. (Complaint ("Compl."), ECF No. 1.) On April 13, 2025, Defendant was served and ordered to file an answer on or before May 5, 2025. (Proof of Serv., ECF No. 6.) Defendant did not answer. Subsequently, on May 9, 2025, Plaintiff requested a certificate of default, (Req. Cert. Default, ECF No. 7), and on May13, 2025, the Clerk of Court certified an

[1] Plaintiff does not object to Magistrate Judge Taryn Merkl's findings of fact. (*See* Pl.'s Mem. of Law in Supp. of Mot. for Default J. ("Pl.'s Mem.") at 1, ECF No. 9 ("Plaintiff does not object to the Magistrate Judge's factual findings . . . .").) A full recitation of the facts can be found in the Report and Recommendation. (Report and Recommendation ("R&R") at 2-6, ECF No. 17.)

entry of default, (Clerk's Cert. of Default, ECF No. 8). On May 22, 2025, Plaintiff moved for default judgment arguing that Plaintiff demonstrated "valid service" and that "Defendant has not answered or defended the case." (Pl.'s Mem. of Law in Supp. of Mot. for Default J. ("Pl.'s Mem.") at 2, ECF No. 9.) On June 10, 2025, this Court referred Plaintiff's motion for default judgment to Magistrate Judge Taryn A. Merkl for report and recommendation. (Order Referring Mot., June 10, 2025.) On September 18, 2025, Defendant appeared before Magistrate Judge Merkl at a status conference. (Min. Entry & Order, Sept. 18, 2025.) And, by letter dated September 19, 2025, Defendant informed the Court that he was representing himself in this matter and consented to receive electronic notification. (Def.'s Sept. 19, 2026 Ltr at 1, ECF No. 13.) On November 17, 2025, Defendant again appeared before Magistrate Judge Merkl for a status conference. (Min. Entry & Order, Nov. 17, 2025.) At that conference, Magistrate Judge Merkl directed Defendant to "file a supplemental response to Plaintiff's motion for default judgment, including any documentation he seeks to submit regarding his medical visits and treatment in the months following the filing of the complaint, or any evidence he wishes the Court to consider pertaining to his failure to appear in this case after being personally served." (*Id.*) Defendant failed to comply.

On February 4, 2026, Magistrate Judge Merkl issued the report and recommendation ("R&R"), recommending that Plaintiff's motion for default judgment be denied and that Plaintiff be given leave to amend her Complaint. (Report & Recommendation ("R&R") at 33, ECF No. 17.) Magistrate Judge Merkl found that "[e]ven though a balancing of the [factors to grant a motion for default judgment] tips somewhat in favor of an entry of default, Plaintiff has not adequately alleged Defendant's liability in this matter as to the majority of her claims." (R&R at 12.) Accordingly, Judge Merkl recommended this Court find that Plaintiff has not adequately

pleaded her claims, deny the motion for default judgment, and grant Plaintiff leave to amend the Complaint. (R&R at 13.) On February 12, 2026, Plaintiff timely objected to the R&R.

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. *Id.* "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). *First*, Plaintiff must "obtain an entry of default." *Id.* "When a party against whom affirmative relief is sought has failed to plead or otherwise defend, . . . Rule 55(a) empowers the clerk of court to enter a default." *Id.* *Second*, a plaintiff must "seek a judgment by default under Rule 55(b)." *Id.* Of particular relevance here, Rule 55(b)(2) "requires a party seeking a judgment by default to apply to the court for entry of a default judgment." *Id.* That is, despite a defendant being in default, a plaintiff is not entitled to default judgment as a matter of right. *See Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) ("[P]laintiff is not entitled to a default judgment as a matter of right simply because a party is in default."). Instead, the grant of a motion for default judgment is "left to the sound discretion of a district court because it is in

the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). In exercising their discretion, courts must "accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor" and "determine whether the [plaintiff's] allegations establish [defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. Thus, to obtain default judgment, courts must be satisfied that a plaintiff has alleged facts sufficient to state a cause of action. *Shariff v. Radamar Meat Corp.*, No. 11 CV 6369 NGG RML, 2014 WL 1311563, at *1 (E.D.N.Y. Feb. 14, 2014), *report and recommendation adopted as modified*, No. 11-CV-6369 NGG RML, 2014 WL 1311565 * 1 (E.D.N.Y. Mar. 31, 2014) ("[A] plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action.").

Judge Merkl found jurisdictional issues and pleading deficiencies in Plaintiff's seven asserted claims, and therefore, recommended denial of Plaintiff's motion for default judgment. (R&R at 12-31.) Plaintiff does not object to Judge Merkl's findings.[2] Instead, Plaintiff objects "solely to the legal conclusion recommending denial of default judgment based on perceived pleading deficiencies never raised by Defendant." (Pl.'s Obj. to R&R. ("Pls. Obj.") at 1, ECF No. 18.) Thus, Plaintiff asks this Court to determine whether the Court can, *sua sponte*, deny her motion for default judgment based on pleading and jurisdictional deficiencies that the Defendant failed to raise. It can.

[2] Because Plaintiff does not object to Judge Merkl's finding that Plaintiff failed to allege sufficient facts to support her causes of action, the Court reviews those portions of the R&R for clear error. *See Est. of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011). Finding no error, save Judge Merkl's recommendation regarding personal jurisdiction and the statute of limitations discussed *infra*, the Court adopts Judge Merkl's finding that Plaintiff has not sufficiently pleaded her causes of action for: (1) a violation of the CFAA; (2) defamation (libel and slander); (3) invasion of privacy and public disclosure of private facts; (4) conversion; (5) intentional infliction of emotional distress; and (6) tortious interference with employment.

By not objecting to Magistrate Judge Merkl's legal conclusions, Plaintiff has effectively conceded that she failed to state a claim for any of the causes of action lodged in her Complaint. This is fatal to Plaintiff's motion for default judgment because the Court cannot grant default judgment for claims not properly pleaded. *See*, *e.g.*, *Mirabal v. Alumaline, Inc.*, No. 21-CV-5356-ENV-SJB, 2022 WL 1559535, at *1 (E.D.N.Y. Apr. 11, 2022) ("The Court cannot grant a default judgment on a claim that is not pled."); *see also Friedman v. Noribar*, No. 23-CV-1121-EK-JRC, 2025 WL 2085988, at *2 (E.D.N.Y. July 8, 2025), *report and recommendation adopted*, No. 23-CV-1121 (EK)(JRC), 2025 WL 2085806 (E.D.N.Y. July 24, 2025) ("In the context of a motion for default judgment, 'if a plaintiff fails to state a claim, a court cannot enter default judgment in the plaintiff's favor . . . and must instead dismiss the claim.'" (quoting *Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196, 2022 WL 1266209, at *4 (S.D.N.Y. Apr. 28, 2022)). Plaintiff's objection to the R&R acknowledges as much by arguing that in considering a motion for default judgment, "[t]he inquiry [for the Court] is whether the allegations, taken as admitted, establish liability as a matter of law . . . ." (Pls. Obj. at 2-3.) For this reason alone, Plaintiff's motion for default judgment is rightly denied.

Still, with respect to Plaintiff's defamation claim, Plaintiff argues that Judge Merkl's recommendation to deny her motion for default judgment because the Court lacks personal jurisdiction is in error. (Pl.'s Obj. at 3.) Plaintiff argues that personal jurisdiction is a waivable defense, and because Defendant "appeared before the Court, participated in conferences, filed a response addressing medical issues, and consented to electronic service without raising jurisdictional objections[,]" Defendant has waived those defenses. (*Id.*)

Here, Judge Merkl reported "concerns regarding personal jurisdiction over Defendant Kelsey for the purposes of Plaintiff's defamation claim." (R&R at 16.) Those concerns stem

from Plaintiff's failure to plead facts that Defendant transacted business within New York and that there is an articulable nexus between any such business transactions and the cause of action sued upon. (*Id.* at 16-19.) While Judge Merkl's concerns may be warranted, the Second Circuit has held that "[b]ecause the requirement of personal jurisdiction represents[,] first of all[,] an individual right, it can, like other such rights, be waived." *Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion Y Produccion*, 832 F.3d 92, 100 (2d Cir. 2016) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Defendant appeared before the Court at status conferences, consented to receiving electronic notification, and informed the Court that he is representing himself *pro se*. (Def.'s Sept. 19, 2026 Ltr at 1.) Furthermore, Defendant raises no objection to this Court's exercise of personal jurisdiction. Accordingly, personal jurisdiction is proper. *See, e.g.*, *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Prime Contractors Inc.*, No. 23-cv-9033, 2024 WL 5048318, at *5 (S.D.N.Y. Nov. 18, 2024), *report and recommendation adopted*, No. 23 CIV. 9033 (AT) (RFT), 2024 WL 5047916 (S.D.N.Y. Dec. 9, 2024) ("The Court has personal jurisdiction over [defendant], which was served by Plaintiffs and appeared before this Court and lodged no objection to this Court's exercise of personal jurisdiction."). Nevertheless, this does not change the Court's ultimate conclusion, *see supra* n.2, that Plaintiff's defamation (libel and slander) claim must be dismissed because Plaintiff failed to state a defamation claim. (R&R at 19-23.)

Next, Plaintiff argues that Judge Merkl's recommendation to deny the motion on the basis that the Court lacks subject matter jurisdiction is in error because Defendant did not raise the defense. (Pl.'s Obj. at 3.) This argument, however, lacks merit.

Courts cannot enter default judgment where subject matter jurisdiction is lacking. *Cooper v. Fire & Ice Trucking, Corp.*, No. 23-CV-1675, 2024 WL 3344001, at *3 (E.D.N.Y. July 9, 2024) ("The Court may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant.") (citing *Covington Indus., Inc. v. Resintex A.G.,* 629 F.2d 730, 732 (2d Cir. 1980)). The Court agrees with Judge Merkl, (*see* R&R at 26 n.9), that Plaintiff did not plead sufficient facts to support the Court's exercise of subject matter jurisdiction because Plaintiff failed to state her CFAA claim—the only federal claim raised in the Complaint. (R&R at 13-16.) As such, the Court does not have federal question jurisdiction, and as Judge Merkl rightfully concluded, the Complaint lacks facts to support diversity or supplemental jurisdiction. (R&R at 26 n.9.) Accordingly, the Court finds no error in Judge Merkl's recommendation to dismiss the claims for a lack of subject matter jurisdiction.

Lastly, Plaintiff objects to Judge Merkl's recommendation to dismiss all of Plaintiff's claims due to the statutes of limitations for the claims. Plaintiff argues that the "[s]tatute of limitations is an affirmative defense that must be pleaded or is forfeited," and because Defendant did not raise the defense, the Court cannot, on its own, raise the defense. (Pl.'s Obj. at 3.) The Court agrees that, in this instance, a statute of limitation defense may not be raised *sua sponte* by the Court.

The Second Circuit "ha[s] held that 'a district court 'ordinarily' should not raise a statute of limitations defense *sua sponte.*'" *Kropelnicki v. Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002) (quoting *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir. 1995)). However, an exception to this rule exists where, in the context of a default judgment motion, the statute of limitations is clear on the face of the complaint. *Deswal v. U.S. Nat. Ass'n*, No. 13 CV 03354 RJD MDG, 2014 WL 4273336,

at *3 (E.D.N.Y. Aug. 28, 2014) ("Although courts generally do not raise a statute of limitations defense *sua sponte*, they sometimes do so in the context of a default judgment motion if the facts supporting the limitations defense are clear on the face of the complaint." (citing *De Santis v. City of New York,* No. 10–CV–3508, 2014 WL 228659, at *5 (S.D.N.Y. Jan. 22, 2014)). According to Judge Merkl's report, "the complaint fails to allege any dates in connection with Defendant's alleged actions or Plaintiff's alleged harms." (R&R at 13 n.4.) As a result, Judge Merkl was "unable to consider whether the statute of limitations has run as to any of Plaintiff's claims." (*Id.*) Because the Court is unable to determine whether the statute of limitations has run as to any of Plaintiff's claims, the limitations are therefore not clear on the face of the Complaint. Accordingly, Plaintiff's pleading does not represent the exceptional circumstance where the Court can raise a statute of limitations defense *sua sponte*.

**CONCLUSION**

For the foregoing reasons, Judge Merkl's report and recommendation is ACCEPTED in part and REJECTED in part. The Court hereby ADOPTS the report and recommendation in its entirety, save Judge Merkl's recommendation that the motion for default judgment be denied on the basis of personal jurisdiction or statute of limitations. Accordingly, Plaintiff's motion for default judgment is DENIED. Consistent with the report and recommendation, Plaintiff is granted leave to amend her Complaint within thirty days of the issuance of this order. Plaintiff may again move for default judgment following the docketing of any amended complaint. Should Plaintiff fail to file an amended complaint, the Court shall dismiss the complaint.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge